LEWIS and ROBERT WEST, appellants *vs.* ROBERT A. HOUS-
TON, respondent, plaintiff below.

*Money paid through ignorance or mistake of a fact, may be recovered back in the
action of asssumpsit; but not where the party had full means of knowledge in his
power.*

APPEAL from the judgment of a Justice of the Peace; in an action
of-assumpsit. Pleas, non-assumpsit, &c. Issues.

The defendants below, the Messrs. West, originally brought an
action of assumpsit in this court, against the plaintiff below, R. A.
Houston, for $90, and recovered $44,50. The costs in that case
were $15,15 ; and there was no affidavit filed to enable the plaintiffs
to recover costs under sec. 37, *Dig.* 351. The costs were errone-
ously taxed by the prothonotary in making up the record, and the de-
fendant in that case paid them, supposing that the plaintiffs had filed
an affidavit under the above section, which would entitle them to
costs. This suit was brought to recover back the costs so paid.

*Cullen,* for defendants, moved a nonsuit, on the ground that money
paid by a person under mistake of *law;* or for want of noticing a *fact*
within his knowledge or power, cannot be recovered back in this
action. (2 *East. Rep.* 468 ; 1 *Eng. C. L. Rep.* 43 ; 1 *Dallas Rep.*
147 ; 9 *Cowen* 674 ; 1 *Esp. N. P. C.* 84, 279 ; 2 *Ibid* 546 ; 2 *Johns.
Ch. R.* 51, 60 ; 13 *Eng. C. L. R.* 323-5, 293 ; 1 *Wend. R.* 355 ;
*Smith's Leading Cases* 174 ; 2 *Hall's N. Y. Rep.* 252 ; 3 *Wend. Rep.*
69, 72.)

*Houston,* contra, said that the payment was made under a mistake
of fact, and could be recovered back. Most of the cases cited,
arose under mistake of law. (13 *Eng. C. L. R.* 293 ; 1 *Leigh. N. P.*
54.) The plaintiff in this case was misled by the costs being taxed
*as if* an affidavit had been filed. (1 *Steph. N. P.* 347-8 ; 2 *East. Rep.*
469.)

The Court ordered a nonsuit. Where there is a payment in igno-
rance or mistake of a fact, it may be recovered back, unless the
mistake arises from the negligence of the party to examine and take
notice of information within his full means of knowledge. Here the
plaintiff was party to the very record of the judgment which he was
paying, which record showed the fact he now alledges he was igno-
rant of.

*Houston,* for plaintiff below
*Cullen,* for defendants.